**Edward DUTTON**

v.

**MONTGOMERY COUNTY, MD., et al.**

**Civil Action No. DKC 97–1797.**

United States District Court,
D. Maryland.

April 4, 2000.

Edward L. Dutton, Sandy Spring, MD, pro se.

Joann Robertson, Charles W. Thompson, Jr., Sharon V. Burrell, Montgomery County Attorney's Office, Rockville, MD, for Montgomery County, Md.

Shelly E. Mintz, Judith L. Fitzgerald, Office of Attorney General, Baltimore, MD, for Anna Santora and Laura Chase.

Joann Robertson, Charles W. Thompson, Jr., Steven M. Gilbert, Office of County Attorney, Rockville, MD, for Elaine Ponpei.

Joann Robertson, Charles W. Thompson, Jr., Sharon V. Burrell, Montgomery County Attorney's Office, Rockville, MD, James L. Parsons, Jr., Abrams, West, Storm & Diamond, PC, Bethesda, MD, for Sharon Northrup–Trexler.

Susan Howe Baron, Baltimore, MD, for William Sondervan and Thomas H. Williams.

### MEMORANDUM OPINION

CHASANOW, District Judge.

*Pro se* Plaintiff Edward Dutton brings this § 1983 claim against Defendant Richard Payne alleging Defendant deliberately provided false information in an affidavit for an arrest warrant.[1] Pending and

1. Numerous other claims against numerous other entities and individuals have been dismissed. *See* Paper No. 93.

ready for resolution is Defendant's Motion for Summary Judgment. Paper No. 122. No hearing is deemed necessary, and the court now rules pursuant to Local Rule 105.6. For the reasons stated more fully below, the court will GRANT summary judgment.

*Background*

The events precipitating this suit began during the night of February 17–18, 1995. At approximately 5:00 a.m., Defendant, a Montgomery County police officer, arrived at Plaintiff's home after receiving a telephone call indicating that Plaintiff had fired a shotgun at two individuals, Tonya Carroll and David Concepcion, earlier that night. At around 6:30 a.m., Defendant interviewed Carroll at the Wheaton police station. Defendant states in his affidavit that he "wrote a statement of the information that Carroll provided, which she signed." Defendant's Affidavit ¶ 3. On that same morning, Defendant states that Officer James Cibula took a statement from Concepcion in the same manner, essentially taking dictation and then having the witness sign the statement. *Id.* ¶ 4. Defendant states that he had no involvement in the preparation of Mr. Concepcion's statement.

According to their statements, Carroll and Concepcion were driving through Plaintiff's neighborhood around 1:30 a.m. when they pulled over with an engine problem. Both got out of their car and shortly thereafter heard a door open and someone shout "Get away from there." That individual fired several shots from a shotgun at Carroll and Concepcion. Recognizing Plaintiff, Carroll called out to him, "Hey, it's Tonya," but Plaintiff began to reload his gun. Concepcion and Carroll then ran to a neighboring house. In contrast, Plaintiff alleges that Carroll and Concepcion came to Plaintiff's property in order to burglarize his house. Furthermore, Plaintiff admits that he fired shots, but at a car radiator, not Carroll and Concepcion, in order to scare them away.

It is undisputed that during the course of his investigation, Defendant discovered 10.95 grams of crack cocaine on the driveway adjacent to Plaintiff's home. During a conversation on February 21, 1995, Defendant asked Concepcion if the cocaine belonged to him, and he stated it did. Concepcion admitted that he threw the cocaine on the ground during the midst of the gunfire in order to avoid being caught with the drugs by police. It is undisputed that no one was charged with possession of the cocaine.[2]

Subsequently, Defendant applied for an arrest warrant and a statement of charges against Plaintiff for two counts of assault with intent to murder and two counts of reckless endangerment. At trial, a jury acquitted Defendant on the charges. Plaintiff brings this suit for violation of § 1983 under the Fourth Amendment.

*Standard of Review*

It is well established that a motion for summary judgment will only be granted if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, the court "must perform a dual inquiry into the genuineness and materiality of any purported factual issues." *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Id.* at 364. When ruling on a motion for sum-

---

**2.** Plaintiff filed the complaint against Defendant alleging only that:

> February 18, 1995 10.95 grams of crack cocaine was planted or placed on our lawn around 2 a.m. I was repeatedly asked to come [out] of our house without an arrest warrant. Later I was claimed to be holding

hostages. Officer Payne wrote false statements and had David Concepcion sign them. Officer Payne refused to charge Mr. Concepcion with drug charges even though he admitted planting the drugs Feb. 21, 1995. June of 1995 I am listed as suspect for these same drugs.

mary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 437 (4th Cir.1998). However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984) (citations omitted). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

*Discussion*

■ Plaintiff alleges that Defendant violated his civil rights by persuading Carroll and Concepcion to submit false statements with regard to the night at issue. The knowing or intentional fabrication of false testimony to obtain an arrest warrant implicates a criminal defendant's Fourth Amendment rights, *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), and will support a § 1983 claim if the false statement was necessary to the finding of probable cause, *Wilkes v. Young,* 28 F.3d 1362, 1365 (4th Cir.1994). However, the court will grant summary judgment here because Plaintiff failed to provide any evidence of "deliberate falsehood or reckless disregard for the truth" by Defendant in his opposition. *Franks,* 438 U.S. at 171, 98 S.Ct. 2674.

■ The bulk of Plaintiff's arguments and exhibits focus upon the veracity of the statements provided by Carroll and Concepcion, not Defendant's alleged role in the fabrication of the statements. Plaintiff has provided evidence of the criminal records of the two witnesses and of slight inconsistencies in their various statements and testimonies. Plaintiff also points to his acquittal as evidence that Carroll and Concepcion's statements were not credible.

The relevant inquiry in this case is whether Defendant knew that the two witnesses' statements were false. Plaintiff has not provided sufficient evidence that Defendant constructed the statements or knew them to be false to survive summary judgment. Plaintiff theorizes that because Defendant was an officer for a number of years in the county where Carroll and Concepcion resided, he had "ample opportunity to develop a relationship" with the two witnesses in their prior encounters with police. However, at the criminal trial, Payne denied ever meeting Carroll and Concepcion before February 18, 1995, and Plaintiff has not set forth any evidence to call into doubt that testimony. Additionally, Plaintiff points to the fact that Defendant did not charge Concepcion with drug possession as evidence of collusion, but Plaintiff has not rebutted Defendant's justification that the drugs would have been inadmissible at trial.

In sum, the record is devoid of any evidence of Defendant's alleged violation of the Fourth Amendment. As the Fourth Circuit has held, "naked opinion" and "conclusory allegations" are insufficient to avoid summary judgment. *Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 757–58 (4th Cir.1996). For the foregoing reasons, this court will GRANT summary judgment for Defendant and CLOSE the case. A separate order will be entered.